**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

John Igo

    v.                                               Case No. 26-CV-10997-SDE

Clerk of the United States
District Court for Massachusetts

## ORDER

Plaintiff John Igo brings this action seeking an order directing Defendant Clerk of the United States District Court for the District of Massachusetts to review the policies and local rules governing Central Violations Bureau ("CVB") violations and to "keep a file of ticket numbers and charges and not leave it to out-of-state entities and report actions to the District Judge overseeing CVB Magistrate Court."  Doc. No. 1 (Compl.) at 4.  Mr. Igo's complaint (Doc. No. 1) and supplemental complaint (Doc. No. 4) are before the court for preliminary review.[1]  For the following reasons, the court determines that Mr. Igo has failed to demonstrate requisite standing to bring his claims.  Mr. Igo may amend his complaint within 30 days to allege sufficient facts to demonstrate standing.  Otherwise, the court will recommend dismissal for lack of subject matter jurisdiction.

---

[1] The court also reviewed Mr. Igo's Letter re Civil Cover Sheet Notice (Doc. No. 3).

Standard of Review

When a plaintiff is permitted to proceed without prepayment of the filing fee, the court may conduct a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2).  The statute authorizes the court to dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  The court also always maintains the responsibility to review its subject matter jurisdiction and dismiss actions if it determines jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3).

Background

Mr. Igo alleges that, in February, the assistant clerk at the United States District Court for the District of Massachusetts told him there was no record of CVB files, dockets, or calendars.  Doc. No. 1 at 4.  He also alleges that Defendant "does not schedule a pretrial conference, accurate notice of events to take place, filing of a written answer, means to file reasonable discovery."  Id.  Mr. Igo describes his cause of action as "management of clerk's office."  Doc. No. 1-1 at 1.

Discussion

The court reviews whether Mr. Igo has demonstrated standing to bring this action because a lack of standing implicates the

2

court's subject matter jurisdiction.  See Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016).

"For a plaintiff to get in the federal courthouse door and obtain a judicial determination of what the governing law is, the plaintiff cannot be a mere bystander, but instead must have a 'personal stake' in the dispute." Food and Drug Admin. v. Alliance for Hippocratic Med., 602 U.S. 367, 379 (2024) ("Article III requires a plaintiff to first answer a basic question: 'What's it to you?'").  "The requirement that the plaintiff possess a personal stake helps ensure that courts decide litigants' legal rights in specific cases, as Article III requires, and that courts do not opine on legal issues in response to citizens who might 'roam the country in search of governmental wrongdoing.'" Id. (quoting Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc., 454 U.S. 464, 487 (1982)).  "Standing also tends to assure that the legal questions presented to the court will be resolved, not in the ratified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action." Id. (quotation omitted).  "Moreover, the standing doctrine serves to protect the 'autonomy' of those who are most directly affected so that they can decide whether and how to challenge the defendant's action." Id. at 379-80 (quotation omitted).

To protect those ideals, a plaintiff must demonstrate an injury in fact. Id. at 381. The injury must be concrete and particularized. Id. Federal courts cannot issue advisory opinions about the law, "[n]or do federal courts operate as an open forum for citizens to press general complaints about the way in which government goes about its business." Id. at 378-79 (quotation omitted). "A citizen may not sue based only on an asserted right to have the Government act in accordance with the law." Id. "Nor may citizens sue merely because their legal objection is accompanied by a strong moral, ideological, or policy objection to a government action." Id. As the United States Supreme Court put it,

> The injury in fact requirement prevents the federal courts from becoming a vehicle for the vindication of the value interests of concerned bystanders. An Article III court is not a legislative assembly, a town square, or a faculty lounge. Article III does not contemplate a system where 330 million citizens can come to federal court whenever they believe that the government is acting contrary to the Constitution or other federal law. Vindicating the *public* interest (including the public interest in Government observance of the Constitution and laws) is the function of Congress and the Chief Executive.

Id. at 382 (citations omitted).

Mr. Igo seeks an order requiring Defendant to review the policies and local rules related to CVB violations and to, in essence, follow a particular organizational method for CVB matters. He asserts that "CVB is de minimis, but the USDC is a

4

community court and these cases are important to citizens, it is in the interest of justice." Doc. No. 1 at 4. Mr. Igo does not allege that he is a party to a CVB matter in the district or any other facts indicating that he has a personal particularized interest in the organization of the CVB files. Rather, it appears from Mr. Igo's allegations that he seeks to vindicate the public's interest as a concerned citizen. For reasons outlined above, that rationale does not confer standing. Without a concrete and particularized injury, Mr. Igo has failed to demonstrate the requisite standing to pursue his claim. Absent standing, this court lacks subject matter jurisdiction. Hochendoner, 823 F.3d at 730.

## Conclusion

For the foregoing reasons, the court will permit Mr. Igo a period of 30 days to amend his complaint to allege facts demonstrating requisite standing to pursue his claims. Failure to do so will result in a recommended dismissal.

So Ordered.

Andrea K. Johnstone
United States Magistrate Judge
Sitting by Designation

April 6, 2026

cc:  John Igo, pro se

5